# UNITED STATES DISTRICT COURT
# SOUTHISN DISTRICT OF FLORIDA

**MARIO VAZQUEZ**, individually,

        **Plaintiff,**

**Case No.**

v.

**BIRD ROAD SERVICE STATION LLC**,
a Florida for profit business entity

        **Defendant.**

_____

## COMPLAINT

Plaintiff, MARIO VAZQUEZ, by and through the undersigned counsel, and in accordance with the Federal Rules of Civil Procedure and all other applicable statutes, rules, governing legal authorities, and advisory opinions files the instant Complaint against Defendant BIRD ROAD SERVICE STATION LLC for violations of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* and the Florida Accessibility Code.

**I.**     **General Allegations Establishing Jurisdiction**

1. Plaintiff MARIO VAZQUEZ is an individual with a disability as defined by the ADA.

2. Plaintiff MARIO VAZQUEZ is seeking injunctive relief pursuant to the Americans with Disabilities Act (hereinafter "ADA") and the Florida Accessibility Code (hereinafter "FAC"), which entitle Plaintiff to all attorneys' fees, litigation expenses and costs incurred in pursuing an action to enforce and obtain compliance with provisions of the ADA in accordance with 28 U.S.C. § 12181 *et seq.*

3. Notice prior to initiating suit is not mandated by the ADA. All other conditions precedent to filing suit are satisfied or are waived by Defendant as their violations have been ongoing.

1

4. This Court has original jurisdiction over claims arising under Title III of the Americans with Disabilities Act (*see* 42 U.S.C. § 12181 *et seq.*; 28 U.S.C. §§ 2201-2202) pursuant to 28 U.S.C. §§ 1331 and 1343.

5. The property at issue is located in Miami-Dade County, Florida at 9101 SW 40 Street, Miami, Florida 33165 (hereinafter "Property").

6. The Property is being operated as a full service gas station under the trade name "WESTAR," which also offers food and beverages – a "place of public accommodation (*see* 28 CFR 36.201(a))." The documented owner of the Property as well as the operator on the commercial establishment conducting business thereon is Defendant BIRD ROAD SERVICE STATION LLC (hereinafter "BIRD ROAD SERVICE STATION LLC").

7. Venue properly lies in the Southern District of Florida as it is the federal judicial district where the property is located and on which the violative establishment is conducting business.

## II. Plaintiff VAZQUEZ

8. Plaintiff is a sixty-six-year-old Cuban American who has been confined to a wheelchair since 2008.

9. Following his open-heart surgery Plaintiff had been placed on dialysis after his kidneys failed, and he now receives dialysis three times a week.

10. He is married with six (6) children all of whom reside in South Florida. He and his wife also reside in South Dade.

11. Plaintiff travels frequently around Monroe County spending time with family and socializing with friends.

12. Plaintiff VAZQUEZ is not employed although he does receive disability payments.

13. When Plaintiff VAZQUEZ was visiting BIRD ROAD SERVICE STATION LLC, he encountered architectural barriers at the Property precluding his from reasonably accessing the goods and services provided to non-disabled individuals. These barriers to access at the Property have deterred Plaintiff from availing himself of, and are denying him the opportunity to participate and benefit from the goods, services, privileges, advantages, facilities and accommodations at BIRD ROAD SERVICE STATION LLC equal to those afforded to this individuals.

### III. ADA Prohibits Barriers Impeding Access By Disabled Individuals

14. The ADA prohibits discrimination on the basis of disability. The Act guarantees reasonable accommodations for individuals with disabilities to ensure they are not the subject of discrimination.

15. The FAC, the ADA and the 2004 ADA/ABA Accessibility Guidelines for Buildings and Facilities (36 CFR Part 1191, Appendices B and C) along with 28 CFR Part 36, Subpart D, the New Construction and Alterations portion of Title III (all hereinafter referred to as the "2010 Standards" or "Accessibility Standards") dictate that property owners as well as operators of "commercial establishments" are jointly responsible complying with these federal Accessibility Standards.

16. Defendant has and is continuing to violate the Accessibility Standards – discriminating against Plaintiff and other similarly situated disabled individuals – by failing to provide accessible facilities since January 26, 1992 (or, alternatively, January 26, 2993).

17. As a result of Defendants ongoing non-compliance, Plaintiff is being deprived of the meaningful choice of freely visiting the same accommodations readily available to the

general public. Consequently, Plaintiff is effectively deterred and discouraged from further travel due to these ADA problems.

**IV.    BIRD ROAD SERVICE STATION LLC**

18. The present violations at Defendant's facility and on Defendant's Property threaten Plaintiff's safety as they create hazards impeding access. Plaintiff has been unable to freely traverse the Property as a result of the architectural barriers.

19. The violations also infringe upon Plaintiff's right to travel free of discrimination causing Plaintiff harm in the form of suffering frustration, shame and humiliation.

20. A preliminary inspection of BIRD ROAD SERVICE STATION LLC reveals the following exterior and interior barriers to access by Plaintiff as an individual who is confined to a wheelchair:

   a. existing steps leading to the entrance door without required ramp act as a barrier;

   b. compliant railings not provided as required at steps leading to entrance door;

   c. required minimum maneuvering clearance not provided at exterior/entry side of entrance door;

   d. required minimum maneuvering clearance not provided at interior/exit side of entrance door;

   e. required minimum maneuvering clearance not provided in vestibule between entrance door and vestibule door;

   f. required minimum maneuvering clearance not provided at vestibule entrance door;

g. required minimum clear floor space allowing a forward approach not provided at dining tables;

h. required minimum clear width not provided at the door opening of the vestibule door leading to the restroom;

i. required minimum maneuvering clearance not provided in vestibule leading to restroom;

j. non-compliant door knob at vestibule door requires twisting of the wrist;

k. required minimum maneuvering clearance not provided at vestibule door leading to restroom;

l. required minimum maneuvering clearance not provided at exterior/ entry side of restroom door;

m. required minimum maneuvering clearance not provided at interior/exit side of restroom door;

n. non-compliant door knob at restroom door requires twisting of the wrist;

o. required minimum space not provided between vestibule door and restroom door;

p. compliant signage identifying the restroom not provided as required;

q. inaccessible restroom;

r. non-compliant height of restroom light switch exceeds maximum height allowance;

  s. required minimum clear width not provided at restroom door opening;

  t. restroom door swings into the floor space of both the lavatory and water closet;

  u. required minimum turning space not provided in restroom;

  v. required minimum clear floor space not provided at lavatory;

  w. required minimum knee and toe clearance not provided at lavatory;

  x. non-compliant faucet knobs at lavatory require twisting of the wrist;

  y. height of mirror and hand dryer exceed maximum height allowance;

  z. required minimum clear floor space not provided at water closet;

  aa. non-compliant position of flush control located at closed side of water closet;

  bb. non-compliant position of toilet paper dispenser from water closet;

  cc. failure to maintain accessible features and failing to advise to policies, practices and procedures to ensure that the goods and services being offered, as well as the facilities themselves, are accessible to people with disabilities.

21. The above-listed discriminatory violations are not an exhaustive list of all ADA violations on the property. Plaintiff requires an inspection of Defendant's place of public accommodation in order to identify, photograph and measure all of the barriers to access that constitute discriminatory acts in violation of the ADA and FAC.

22. Plaintiff plans on returning to BIRD ROAD SERVICE STATION LLC to avail himself of the good and services offered to the public thereon, and to determine whether the property has been made ADA compliant.

23. As the violations at Defendant's facility are ongoing, it would be a futile gesture for Plaintiff to return to the property so long as the above listed violations exist. Plaintiff returning to the property prior to all above violations being remedied will only further subject Plaintiff to discrimination and threaten Plaintiff's physical safety and well-being.

**COUNT I: DECLARATORY JUDGMENT**

24. When Plaintiff VAZQUEZ visited BIRD ROAD SERVICE STATION LLC she could not reasonably access the goods and services otherwise available to able bodied individuals due to architectural barriers and other ADA violations (*see* 42 USC § 12181 *et seq.* and 28 CFR 36.302 *et seq.*) set forth herein in paragraph 20.

25. The Accessibility Standards, in particular Title III of the ADA, require all places of public accommodation to provide any person with a disability equal access to the goods and services being offered to non-disabled individuals.

26. Defendant denied Plaintiff reasonable access to the good and/or services being offered on their premises in violation of Title III of the ADA thus causing Plaintiff to retain the undersigned law firm to enforce his rights.

27. As a result of Defendant continuously violating of Title III of the ADA Plaintiff VAZQUEZ has and is suffering actual harm in the form of personal injury, humiliation including a sense of isolation and segregation, all of which are depriving Plaintiff of the full, fair and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public.

28. A declaration that Defendant(s) were in violation of the ADA at the time Plaintiff suffered real and actual harm is necessary to ensure Plaintiff is compensated for the attorneys' fees expended to obtain Defendant(s) compliance with the law.

29. The undersigned has been retained by Plaintiff to pursue Plaintiff's rights as an individual suffering with a "disability" as defined by the ADA. Plaintiff is entitled to recover fair and reasonable attorneys' fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

**WHISEFORE**, Plaintiff respectfully requests an order declaring Defendant (A) in violation of Title III of the ADA, 42 USC § 12181 *et seq.* at the time of Plaintiff's visit*;* and ((B) as a result of architectural barriers Defendant have effectively denied Plaintiff, as an individual with a disability, reasonable access to the goods and/or services offered on the Property thereby discriminating against Plaintiff.

**COUNT II: INJUNCTIVE RELIEF AGAINST BIRD ROAD SERVICE STATION LLC ASD OPERATOR OF COMMERCIAL ESTABLISHMENT**

30. Plaintiff reasserts and incorporates the allegations set forth in paragraphs 1 through 23 above as if set forth specifically herein.

31. BIRD ROAD SERVICE STATION LLC is being operated as a place of public accommodation in violation of ADA and FAC.

32. Plaintiff, and all other individuals similarly situated, have been denied access to and have been denied the benefits of services, programs and activities at the Defendant's establishment as a result of the ADA violations set forth herein in paragraph 20 in violation of 42 USC § 12181 *et seq.* and 28 CFR 36.302 *et seq.*.

33. Defendant continues to discriminate against Plaintiff and those similarly situated by operating BIRD ROAD SERVICE STATION LLC and yet failing to make reasonable

modifications in policies, practices and/or procedures to comply with the Accessibility Standards.

34. Modifications in Defendant BIRD ROAD SERVICE STATION LLC's practices, policies and procedures are necessary to afford all offered goods, services, facilities, privileges, advantages and/or accommodations to individuals with disabilities.

35. Said modification are also necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals.

36. Plaintiff is suffering true and actual harm by Defendant BIRD ROAD SERVICE STATION LLC operating a place of public accommodation. Defendant's discriminatory practices create the potential for and/or cause Plaintiff physical harm and the contribute to Plaintiff's sense of isolation and segregation thereby depriving Plaintiff of the full, fair and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public.

37. Plaintiff, and all others similarly situated, have and will continue to suffer irreparable injury and damage without the immediate relief provided by the ADA and requested herein.

38. Plaintiff is without any adequate remedy and law.

39. The undersigned has been retained by Plaintiff and Plaintiff is entitled to recover fair and reasonable attorneys' fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505 for having to employ the services of an attorney to gain Defendant's compliance with the Accessibility Standards.

40. Pursuant to 42 USC § 12188, this Court is empowered to order an injunction to remedy for Defendant's ADA violations, including but not limited to issuing an order requiring

Defendant to alter the subject property so as to make the facilities readily accessible and usable by Plaintiff and other persons with disabilities as defined by the ADA or by closing the facility until such time as Defendant cure all ADA violations.

**WHISEFORE**, Plaintiff prays for and respectfully requests the Court order the following relief:

    a.    Injunctive relief against Defendant;

    b.    award reasonable attorneys' fees, costs and litigation expenses in accordance with 42 USC § 12205;

    c.    any other relief this Court deems just and proper and/or is otherwise allowable under Title II of the ADA.

## COUNT III: INJUNCTIVE RELIEF AGAINST BIRD ROAD SERVICE STATION LLC AS OWNER OF REAL PROPERTY

41. Plaintiff reasserts and incorporates the allegations set forth in paragraphs 1 through 23 above as if set forth specifically herein.

42. Defendant BIRD ROAD SERVICE STATION LLC is the documented owner of the Property on which it is operating a place of public accommodation violating the Accessibility Standards by permitting discriminatory treatment of persons confined to wheelchairs.

43. Individuals confined to wheelchairs, including Plaintiff VAZQUEZ have been denied access to and the benefits of services, programs and activities at the Defendant's Property as a result of the ADA violations set forth herein in paragraph 20. *See* 42 USC § 12181 *et seq.* and 28 CFR 36.302 *et seq.*

44. Defendant is continuing to discriminate against Plaintiff by failing to make reasonable modifications in the physical structure so as to permit compliance with Title III of the ADA.

45. The structural impediments set forth in paragraph 20 must be remedied to eliminate the architectural barriers set forth herein, which remedies are necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals.

46. Permitting a place of public accommodation to operate in violation of the ADA is causing Plaintiff to suffer true and actual harm. The architectural barriers create the potential for and/or cause Plaintiff physical harm and the contribute to Plaintiff's sense of isolation and segregation thereby depriving Plaintiff of the full, fair and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public.

47. Plaintiff has and will continue to suffer irreparable injury and damage without the immediate relief provided by the ADA and requested herein.

48. Plaintiff is without any adequate remedy and law.

49. The undersigned has been retained by Plaintiff and Plaintiff is entitled to recover fair and reasonable attorneys' fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505 for having to employ the services of an attorney to gain Defendant's compliance with the Accessibility Standards.

50. Pursuant to 42 USC § 12188, this Court is empowered to order an injunction to remedy for Defendant's ADA violations, including but not limited to issuing an order requiring Defendant to alter the subject property so as to make the facilities readily accessible and

usable by Plaintiff and other persons with disabilities as defined by the ADA or by closing the facility until such time as Defendant cure all ADA violations.

**WHISEFORE**, Plaintiff prays for and respectfully requests the Court order the following relief:

    d.    Injunctive relief against Defendant;

    e.    award reasonable attorneys' fees, costs and litigation expenses in accordance with 42 USC § 12205;

    f.    any other relief this Court deems just and proper and/or is otherwise allowable under Title II of the ADA.

Respectfully submitted on February 26, 2020.

**By: /s/ Tara Demetriades**
Tara Demetriades, Esq.
Florida Bar No. 179973

**Anne & Associates LLC**
100 Bayview Drive, Ste. 1505
Sunny Isles Beach, Florida 33160
E: TDemetriades@AOL.com
T: 516.595.5009